UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

KOFFI GEORGES KANGA, a/k/a
Georges Bambara,
             *Defendant-Appellant.*

No. 01-4437

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-53)

Submitted: June 24, 2002

Decided: August 23, 2002

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

## COUNSEL

Paul C. Pooley, Durham, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, Arnold L. Husser, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Koffi Georges Kanga appeals from the thirty-seven month sentence imposed following his convictions for making, and aiding and abetting in the making of, false statements to the Social Security Administration, 18 U.S.C.A. §§ 1001, 1002 (West 2000). He contends that the district court failed to make sufficient findings prior to enhancing his sentence for obstruction of justice, erred in also imposing sentence at the high end of the guideline range based on his obstruction of justice, and increased his sentence based on a finding made by the court and not the jury, in violation of the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We dismiss in part and affirm in part.

Prior to applying the two-level obstruction enhancement,* the sentencing court must find by a preponderance of the evidence that: (1) the defendant gave "false testimony," (2) "concerning a material matter," and (3) "with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). The court's findings at Kanga's sentencing clearly satisfy the first and third elements. The court adopted the probation officer's recommended finding that Kanga "willfully provided false testimony during his trial." The court also noted that Kanga denied being in a Social Security office assisting others to obtain documents, when "at least four witnesses positively identified him as being in social security offices and different offices." The remaining required finding is that the testimony "concern[ed] a material matter." *Id.* A "material matter" is one that "would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n.6). Where the materiality of perjured testimony is clear as a matter of law, the lack of an explicit finding on materiality does not require remand for additional findings. *United States v.*

---

*U.S. Sentencing Guidelines Manual* § 3C1.1 (1998).

*Haas*, 171 F.3d 259, 268 (5th Cir. 1999); *see United States v. Romer*, 148 F.3d 359, 372 (4th Cir. 1998).

The relevant testimony was clearly material. Kanga denied being present in the Social Security offices in spite of the testimony of four Social Security Administration employees identifying him as the person who was present and acting as the leader or interpreter for persons seeking to obtain social security numbers by presenting false documents. Kanga's testimony, if believed, would have resulted in an acquittal as to counts two through eighteen (aiding and abetting) of the second superceding indictment. This meets the test for materiality. *See* USSG § 3C1.1, comment. (n.6); *Romer*, 148 F.3d at 372. Accordingly, we find that the sentencing court's findings as to Kanga's perjury were sufficient under *Dunnigan* and therefore affirm the two-level enhancement for obstruction of justice.

Kanga's challenge to the court's consideration of his obstruction of justice in determining where, within the applicable guideline range, to impose a sentence is not reviewable on appeal. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994); *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Therefore we dismiss this portion of the appeal.

Kanga's last claim is that his sentence was imposed in violation of the rule announced in *Apprendi*, because the court increased his offense level by six levels based on the court's findings as to the number of documents involved, rather than submitting the issue to the jury. He argues that the maximum sentence for an offense is that set by the Sentencing Guidelines, and not the statutory maximum. Thus, he asserts that the maximum sentence to which he was exposed under the guidelines was 14 months. *See* USSG Chapter 5, Pt. A (Sentencing Table). However, we recently held that "*Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, [therefore] the current practice of judicial factfinding under the Guidelines is not subject to the *Apprendi* requirements—at least so long as that factfinding does not enhance a defendant's sentence beyond the maximum term specified in the substantive statute." *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). Kanga contends that our *Kinter* decision was in error and invites us to reconsider it here. We decline to do so.

*See United States v. Guglielmi*, 819 F.2d 451, 457 (4th Cir. 1987) (only an en banc court, not a subsequent panel, has authority to over-turn a previous panel's published decision); *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1227 (4th Cir. 1998) (issue raised for the first time on appeal generally will not be considered, unless refusal to consider issue would be plain error or result in a fundamental mis-carriage of justice). Because Kanga's thirty-seven month sentence does not exceed the sixty-month statutory maximum, 18 U.S.C.A. §§ 1001, 1002, the sentence was properly determined by the district court.

In conclusion, we dismiss the portion of the appeal in which Kanga challenges the district court's determination of where, within the applicable guideline range, to impose sentence, and affirm in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*